UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRINA ROADHOUSE; SCOTT ROADHOUSE,<br><br>    Plaintiffs,<br>vs.<br><br>PATENAUDE & FELIX, A.P.C., a foreign corporation; DOES I–V inclusive; and ROE Corporations VI–X, inclusive,<br><br>    Defendants. | Case No.: 2:13-cv-00560-GMN-CWH<br><br>**ORDER** |

Pending before the Court is the Motion to Strike Defendant's Affirmative Defenses (ECF No. 10) filed by Plaintiffs Trina and Scott Roadhouse ("Plaintiffs"). Defendant Patenaude & Felix, APC ("Defendant") filed a Response (ECF No. 15) and Plaintiffs filed a Reply (ECF No. 18).

**I.   BACKGROUND**

This case arises from a lawsuit initiated by Defendant against Plaintiffs in Clark County District Court ("State Court Action"). In the State Court Action, Defendant sought collection of "an alleged past due credit card account more than six years from when the documents in Defendant's possession indicated that any payment was made on the subject account." (Mot. to Strike 2:4–9, ECF No. 10; *see also* Compl. ¶¶ 24–29, ECF No. 1.) Although Plaintiffs ultimately prevailed in the State Court Action, (Compl. ¶ 28), Plaintiffs filed this action in federal court alleging causes of action for (1) Violations of the Federal Fair Debt Collection Practices Act; (2) Violation of Nevada's Deceptive Trade Practices Act; (3) Negligence; and (4) Intentional Interference with Contractual Relations, (Compl. ¶¶ 31–53).

After Defendant filed its Answer, (ECF No. 8), Plaintiffs filed the instant motion in

which they request that the Court strike eight[1] of Defendant's affirmative defenses (Mot. to Strike 6:18–8:4, ECF No. 10.)  Defendant initially filed a Motion for Leave to file an Amended Answer, (ECF No. 14), but later filed a "Notice of Intent to Stand on First Filed Answer" (ECF No. 23).

## II.    LEGAL STANDARD

"[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . .." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  Rule 12(f) of the Federal Rules of Civil Procedure authorizes a court to strike from a pleading, among other things, "an insufficient defense." Fed. R. Civ. P. 12(f).  An affirmative defense is insufficiently pleaded if it fails to give the plaintiff fair notice of the nature of the defense. *See Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)).  Furthermore, the Court sees no reason that the pleading standard announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), should not equally apply to affirmative defenses. *See, e.g.*, *Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010).[2]  Thus, to survive a motion to strike affirmative defenses, the defendant must plead

---

[1] Plaintiffs' Reply appears to request that the Court additionally strike affirmative defenses nine, eleven, and twelve. (Reply 2:4, ECF No. 18.)  However, because this request was not raised in Plaintiffs' Motion to Strike, the Court does not consider whether these affirmative defenses should be stricken and will consider only the sufficiency of affirmative defenses one, two, three, five, six, eight, ten, and thirteen, as Plaintiffs requested in their Motion. (Mot. to Strike 6:18–9:4, ECF No. 10.)

[2] Defendant asserts that *Barnes* cautions a court to strike affirmative defenses only when "it appears to a certainty that plaintiffs would succeed despite any state of the cats which could be proofed in support of the defense." (Resp. 2:6–15, ECF No. 15 (quoting *Barnes*, 718 F. Supp. 2d at 1170).)  However, this ignores the first part of the sentence from *Barnes* that limits this standard to affirmative defenses that were "properly pled." *See Barnes*, 718 F. Supp. 2d at 1170 ("[O]*nce an affirmative defense has been properly pled*, a motion to strike which alleges the legal insufficiency of an affirmative defense will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense." (emphasis added) (internal quotation marks omitted)).  Thus, before the Court would apply the rigorous standard that Defendant requests, Defendant would have to first establish that the affirmative defenses are properly pled.  This, Defendant cannot do.

facts showing that the defense is *plausible*, not just possible. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

If the court grants a motion to strike affirmative defenses as insufficiently plead, the court must then decide whether to grant leave to amend. *See, e.g.*, *Barnes*, 718 F. Supp. 2d at 1170, 1173. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, a Court will deny leave to amend only when it is clear that the deficiencies cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III.   DISCUSSION

The Court agrees with Plaintiffs that Defendant's Answer fails to provide the requisite factual basis to support these eight affirmative defense. For the reasons discussed below, the Court agrees with Plaintiffs and rejects each of Defendant's arguments in opposition.

Defendant attempts to overcome Plaintiffs' motion by arguing that *Twombly* and *Iqbal* apply only to pleading claims under Rule 8(a), and do not apply to pleading affirmative defenses under Rule 8(c). However, the Court is not persuaded by Defendant's exceedingly narrow interpretation of these cases. Rather, as discussed above, the Court is persuaded by those cases that adopt the pleading standard for claims pleaded under Rule 8(a), articulated in *Twombly* and *Iqbal*, as the standard for pleading affirmative defenses under Rule 8(c). *See Barnes*, 718 F. Supp. 2d at 1172 ("The court can see no reason why the same principles applied to pleading claims should not apply to the pleading of affirmative defenses which are also governed by Rule 8."). Furthermore, the Court agrees with the court in *Barnes* that "[a]pplying the same standard will also serve to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are

irrelevant to the claims asserted." *Id.* Accordingly, Defendant must allege sufficient facts to establish that the affirmative defenses are plausible.

Here, each of the eight defenses that Plaintiffs seek to strike consists of a single sentence. (Answer 2:13–4:3, ECF No. 8.) And, each of these sentences amounts to the type of "formulaic recitation . . . with conclusory allegations" that *Iqbal* and *Twombly* soundly rejected. *See Iqbal*, 556 U.S. at 678. In these affirmative defenses, Defendant alleged only conclusory statements and failed to allege any identifiable facts supporting the affirmative defenses. Defendant has failed to do anything more than assert that these affirmative defenses *might* exist. Based on the statements in the Answer, the Court cannot find that these affirmative defenses are plausible on their face.

Therefore, the Court must strike the following eight affirmative defenses found in Defendant's Answer: (1) "Plaintiff's claims are forever barred by the doctrines of collateral estoppel and/or res judicata"; (2) "Defendant is informed and believes and thereon alleges that Plaintiff failed and neglected to mitigate any damages asserted in the Complaint, including but not limited to any attorneys' fees and costs"; (3) "Defendant alleges that all its actions were taken in good faith and with a reasonable belief that such actions were legal, appropriate and necessary, and thus unintentional for purposes of any statutory damages"; (5) "Defendant alleges that any representations or statements alleged to have been made by Defendant were true, accurate at the time made, and/or otherwise were made in good faith and with a reasonable belief as to their validity and accuracy, and thus unintentional for purposes of any statutory damages"; (6) "Declaratory relief is not permitted under the statutory schemes pled by Plaintiff"; (8) "Defendant alleges that it relied upon the representations of its client that claims were within the statute of limitations, and any inaccuracies or misrepresentations alleged were the result of such reliance"; (10) "Defendant alleges that it relied upon the representations of its client and any inaccuracies or misrepresentations alleged were the result of such reliance"; and

(13) "Defendant presently has insufficient knowledge or information on which to form a belief as to whether Defendant may have additional, yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate." (Answer 2:13–4:3.)

Just as these statements would be insufficient to state causes of action, they are also insufficient to properly state an affirmative defense. However, even though the allegations in Defendant's Answer are inadequate, the Court cannot find that the defects in Defendant's Answer could not be cured by amendment. Accordingly, the Court will grant Defendant leave to file an amended answer if it can cure the defects identified in this Order. Defendant shall file its Amended Answer by **Monday, July 7, 2014**. Failure to file an amended answer shall result in Defendant being barred from raising these affirmative defenses in this action.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Strike Affirmative Defenses (ECF No. 10) is **GRANTED**. Defendant's first, second, third, fifth, sixth, eighth, tenth, and thirteenth affirmative defenses are hereby stricken. Defendant shall file an Amended answer that cures the defects identified in this Order by **Monday, July 7, 2014**. Failure to file an Amended Answer by this date shall result in Defendant being barred from raising these affirmative defenses in this action.

**DATED** this 23rd day of June, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge