1

2  **PATENAUDE & FELIX, A.P.C.**
   **Westley U. Villanueva, Esq.**
3  Nevada Bar No.: 008708
   7271 W. Charleston Blvd., Ste. 100
4  Las Vegas, NV 89117
   Tel. (702) 952-2032 | Fax (702) 992-6286
5  wesv@pandf.us

6  Attorneys for Defendant
   PATENAUDE & FELIX, APC

7

8                    **UNITED STATES DISTRICT COURT**

9                         **DISTRICT OF NEVADA**

10

11  **TRINA ROADHOUSE, SCOTT**          Case No.:  2:13-CV-0560
    **ROADHOUSE**
12                                      **MOTION FOR SUMMARY JUDGMENT**
                                        **PURSUANT TO FRCP 56**
           Plaintiffs,
13
    v.
14
    **PATENAUDE & FELIX, A.P.C.** a Foreign
15  Corporation, DOES I-V inclusive, and ROE
    Corporations VI-X, inclusive,
16
           Defendants.
17

18        COMES NOW, PATENAUDE & FELIX, A.P.C., by and through their attorneys of

19  record, Westley U. Villanueva, Esq. of PATENAUDE & FELIX, A.P.C., and hereby moves this

20  Court for Summary Judgment pursuant to Federal Rules of Civil Procedures ("FRCP") 56.

21        This motion is made and based upon the attached Memorandum of Points and Authorities,

22
    the pleadings and papers on file herein, and any argument of counsel the court may consider at
23
    the hearing on this motion.
24
25  / / /

26  / / /

27

28
                                    - 1 -

    **MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## POINTS OF AUTHORITIES

### STATEMENT OF FACTS

Defendant, PATENAUDE & FELIX, A.P.C. ("Defendant") hereinafter "P&F", is a multi-jurisdictional law firm that represents creditors in various states throughout the country. This case concerns the Nevada Division of PATENAUDE & FELIX, A.P.C. Attorney Westley U. Villanueva, Esq., who has been licensed since 2003, manages the Nevada Division.

TRINA ROADHOUSE and SCOTT ROADHOUSE ("Plaintiff") allegations stem from P&F filing a state court action on behalf of Capital One Bank to recover on a credit card debt. P&F and Westley U. Villanueva, Esq. have admitted the case was filed past the statute of limitations.

During the summer of 2010 Capital One Bank approached P&F to assist in cleaning up files that had been in disarray due to suicide of Gerald Phillips, Esq. the principle attorney for the firm of Phillips, Harper, and Harper in Reno Nevada. The project included well over 3500 accounts. After an initial review over 800 files were closed with an additional 2800 files needing further review due to inaccuracies within those files. On or about September 15, 2010 those 2800 files were placed with P&F for further review. This project was the first of its kind for attorney Villanueva and the Nevada Division of Patenaude & Felix, A.P.C. The process took in excess of two years to complete. The account in question was from this segment of accounts. No other issues have presented themselves at the time of this brief concerning these segment of accounts as far as the firm is aware.

- 2 -

1

2

# LEGAL ARGUMENT

3

4

## A. Standard of Review for Summary Judgment

5

A court must grant summary judgment when "the movant shows that there is no genuine

6

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

7

Civ. P. (56(a). Material facts are those which may affect the outcome of the case. *See Anderson v.*

8

*Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute as to material fact is genuine if there is

9

sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See Id.* A

10

principal purpose of summary judgment is "to isolate and dispose of factually unsupported

11

claims." *Celotex Corp. v. Catrett,* 477 U.S. 317, 23-24 (1986). In determining summary

12

judgment, a court uses the burden-shifting scheme:

13

14

When a party moving for summary judgment would bear the burden of proof at trial, it must

15

come forward with evidence which would entitle it to a directed verdict if the evidence went

16

uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the

17

absence of genuine issue of fact on each issue material to the case. *CAR Transp. Brokerage Co. v.*

18

*Darden Rests, Inc.,* 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks

19

omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense,

20

the moving party can meet its burden in two ways: (1) by presenting evidence to negate an

21

essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving

22

party failed to make a showing sufficient to establish an essential element to the party's case on

23

which the party will bear the burden of proof at trial. *See Celotex Corp.,* 477 U.S. at 323-245. If

24

the nonmoving party fails to meet its initial burden, summary judgment must be denied and the

25

court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.,* 398

26

U.S. 144, 459-60 (1970).

27

28

**MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56**

1       If the moving party meets its initial burden, the burden then shifts to the opposing party to

2   establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*

3   475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need

4   not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed

5   factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the

6   truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n,* 809 F.2d 626, 631 (9th Cir.

7   1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on

8   conclusory allegations unsupported by facts. *See Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.

9   1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and

10  set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See*

11  Fed. R. Civ. P. 56€; *Celotex Corp.,* 477 U.S. at 324.

12      At the summary judgment stage, a court's function is not to weigh the evidence and

13  determine the truth, but to determine whether there is a genuine issue of fact for trial. *See*

14  *Anderson,* 477 U.S. at 249. If the evidence of the nonmoving party is merely colorable or is not

15  significantly probative, summary judgment may be granted. *See Id.* at 249-50.

**B. Patenaude & Felix, A.P.C. admitted it filed the state court action past the applicable statute of limitations and immediately offered the maximum statutory damages of $1,000.00.  No further case or controversy exists.**

    The FDCPA is a strict liability statute which makes debt collectors liable for violations even when they are not knowing or intentional. *See Clark v. Capital Credit & Collection Services, Inc.,* 460 F.3d 1162, 1176 (9th Cir. 2006).  The FDCPA provides that a court may award 1.) actual damages and 2.) such further damages as a court may allow not to exceed $1,000. (*See* 15 U.S.C. § 1692(k).

    P&F understood and acknowledged that it erred in filing suit past the applicable statute of

- 4 -

**MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56**

1  limitations and offered the maximum penalty allowed by law of $1,001.00 by way of a Rule 68

2  offer of Judgment. (See Defendant's Rule 68 Offer of Judgment Exhibit "A")  The offer of

3  judgment was served upon Plaintiff a mere 30 days after service of the summons and complaint in

4  this action.

5

6      It is important to note that Plaintiff did not seek to recover attorney fess or even court

7  costs nor was P&F sanctioned in the state court.  This point goes to the alleged actual damages

8  claimed by Plaintiff.  No actual damages exist.

9

10  **C. The filing of the State Court Action past the applicable statute of limitations was a**
   **Bona Fide Error.**

11

12

13      P&F uses a specialized collections computer program that receives data from its clients.

14  Such data includes, but is not limited to, last payment date, attorney representation, client notes,

15  and any other pertinent information the firm should note.  The software program provides distinct

16  indicators for accounts with Statute of Limitation issues to alert the attorney extra attention is

17  needed on the account.  These indicators are proven effective prior to 2010 and remains so today.

18      The specific account in questions is an isolated, unintentional incident, which stemmed

19  from the specific set of accounts from Gerald Phillips office now coined as a "flipped account"

20  within the firm.

21

22      The "flipped" accounts required an in depth review by attorney Villanueva that is not

23  common in normally occurring accounts to the firm.  The procedure the firm utilized on this

24  segment of accounts was a in depth Attorney review by attorney Villanueva.  The level of

25  disarray these files were in required such policy.  The attorney account review on these accounts

26  took in excess of two years, as these accounts presented a variety of issues.

27      The FDCPA is a strict liability statue which debt collectors liable for violations even when

28

- 5 -

**MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56**

they are not knowing or intentional. *See Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006). However, the FDCPA also provides for a "narrow exception to strict liability" for bona fide errors. Id. at 1177. The statutory "bona fide error" defense provides:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c), FDCPA Section 813.

The bona fide error defense is an affirmative defense, for which the debt collector has burden of proof. *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1514 (9th Cir. 1994). The defense does not protect a debt collector whose reliance on a creditor's representation is unreasonable. *Clark,* 460 F.3d at 1177. The defense requires the defendant to show that it maintains procedures to avoid errors. *Id.* at 1176-77.

The Tenth Circuit, in Johnson v. Riddle, specifically address the requirement that the procedures be adapted to avoid the error: "As the text of § 1692k(c) indicates, the procedures component of the bona fide error defense involves a two-step inquiry: first, whether the debt collector 'maintained' –i.e., actually employed or implemented – procedures to avoid error; and, second, whether the procedures were 'reasonably adapted' to avoid the specific error at issue." 443 F.3d 723, 729 (10th Cir. 2006). The Eighth Circuit also recently discussed the issue, affirming summary judgment for a debt collection agency based on its showing that its procedures were reasonably adapted to prevent the type of error that occurred there:

> That leaves the question whether Credico made a sufficient showing that it employed procedures "reasonably adapted to avoid" the error that occurred. This is a fact-intensive inquiry that few prior cases have address. . . . The affidavits and supporting documents establish that Credico's employees received specific instruction to segregate principal and interest in setting up the accounts received from Pinnacle so as to avoid charging interest on interest. The procedures were not as

- 6 -

1

> elaborate as those in some cases that have upheld a bona fide error
> defense, but the error to be avoided in this case was not complex.

2

3 *Wilhelm v. Credico, Inc.,* 519 F.3d 416, 421 (8th Cir. 2008).

4      If the bona fide error defense is to have any meaning in the context of a strict liability

5 statue, then a showing of "procedures reasonably adapted to avoid any such error" must require

6 more than a mere assertion to that effect. The procedures themselves must be explained, along

7 with the manner in which they were adapted to avoid the error. *See Wilhelm,* 519 F.3d at 421.

8 Only then is the mistake entitled to be treated as one made in good faith. *See also Clark v. Capital*

9 *Credit & Collection Services, Inc.,* 460 F.3d 1162 (9th Cir. 2006) (discussing the "bona fide" error

10 defense under 15 U.S.C. § 1692k and holding that FDCPA is a strict liability statue in that a

11 plaintiff need not prove an error was intentional); *see also Reichert v. National Credit Systems,*

12

13 531 F.3d 1002, (9th Cir. 2008) (discussing the "bona fide error defense" under 15 U.S.C. § 1692k

14 and holding the debt collector failed to establish this defense).

15      This court recently granted summary judgment on a bona fide error defense in *Libby v.*

16 *Alessi & Koening, LLC,* 2:14-CV-00331, in which the attorney demonstrated the firm had

17 procedures reasonably adapted to prevent such errors.

18      Similarly, in this case, PATENAUDE & FELIX, A.P.C. maintains an active set of

19 procedures in order to ensure compliance with the provisions of the Fair Debt Collections

20

21 Practices Act. These procedures include, but are not limited to, the following:

22

23          a.) Conducting weekly manager meetings for attorneys, managers, and team leads

24              to provide up to date information about the industry and any changes to current

25              policies and procedures.

26          b.) Conducting bi-annual FDCPA training and testing for all collection staff. The

27              training and testing include topics such as, but not limited to, debt validation,

28              collection call compliance, mini-miranda, statute of limitations issues, SCRA,

              FCRA, TCPA, and meaningful attorney involvement.

- 7 -

**MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56**

c.) The firm utilizes sophisticated collections software that is integrated to communicate with client software to ensure accounts are within the statute of limitations and the integrity of the data transmitted is secure and accurate.

d.) The firm maintains and internal IT team that ensures proper functioning of the software and systems.

e.) Patenaude & Felix, A.P.C., Nevada Division, have two on-site full time attorneys well versed in the FDCPA who provide immediate access to any legal or collection staff who have questions regarding collection files so as to ensure a consistent adherence to FDCPA policies and procedures. Patenaude & Felix, A.P.C.'s FDCPA policies and procedures are designed to ensure compliance with all of the applicable FDCPA requirements. However, no system is completely foolproof and errors are always possible.

In contrast to the *Libby* case, it was attorney Villanueva who erred and approved the filing of the lawsuit. This error was inadvertent and occurred despite the policies and procedures that have been put into place to ensure FDCPA compliance. It is important to note that the account was within the applicable statute of limitations upon placement of the account on September 15, 2010. It was during the review of these specific accounts over a two-year period that the account had run past the statute of limitations.

**D. Attorney Villanueva was experiencing serious personal issues and tragedies during the duration of the State Court action against Plaintiffs which support a bona fide error defense.**

Attorney Villanueva has acknowledged the error on numerous occasions. The error on the initial review, the error in reviewing the answer, and the error of allowing this matter to continue through arbitration in the State Court Action.

Attorney Villanueva makes this point not to excuse his actions or error, but to simply make this court aware of the human aspects attorney Villanueva was dealing with during the duration of the state court case. Attached as Exhibit "B" is District Court Docket for Case No. D-

- 8 -

**MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56**

1   10-427600-Z involving Attorney Villanueva and his now deceased Ex-Wife Tiffany Villanueva

2   and the child custody issues that followed.   The court minutes are detailed sufficiently to show a

3   pattern of consistent fear for the safety of his then 5 year old son and the quickly deteriorating

4
5   health of his ex-wife.  The docket demonstrates dates and filings on behalf of Mr. Villanueva that

6   coincide with events in the State Court collection action against the Plaintiffs in this case.

7           At the time the errors occurred in this matter attorney Villanueva simply did not pay the

8   requisite attention to this file that it most certainly needed.  No set of policies or procedures P&F

9   could have implemented can replace the attention to detail that is required of an attorney in any

10  case.  Frankly, engaging in a custody battle with my dying ex-wife simply pulled my attention

11  away from the state court action.  Sadly, Tiffany Villanueva passed away on May 28, 2014 at Mr.

12
13  Villanueva's family home he shares with his son.  The events leading up to her death were no

14  doubt mentally exhausting to a point where the associate attorney in the Nevada Office Joseph

15  DiNoia was required to make the appearances on the last couple hearings in the State Court

16  Action as well as handle all issues with running the Nevada Division.  Prior to this time Attorney

17  DiNoia was not involved in the Gerald Phillips "flipped" account project.

18          Attorney Villanueva has been a collection attorney since 2003 and this is the first instance
19  in which my error has caused P&F to be sued for a statute of limitations FDCPA violation.

20
21      / / /

22
23
24      / / /

25
26      / / /

27
28
- 9 -

**CONCLUSION**

Based on the foregoing, Defendant respectfully requests this Court grant summary judgment in favor of Defendant bona fide error. In the alternative, Defendant respectfully requests this Court limit Plaintiff's damage to statutory damages of $1,000.00 and deny Plaintiff's other claims for relief. Plaintiff suffered no actual damages as Plaintiff defaulted on his credit card account held by Capital One Bank.

DATED this 26th day of November, 2014

By:_____
Westley U. Villanueva, Esq.
Nevada Bar No.: 008708
7271 W. Charleston Blvd., Ste. 100
Las Vegas, NV 89117
Tel. (702) 952-2032 | Fax (702) 992-6286
Attorney for Patenaude & Felix, A.P.C.

- 10 -

**MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56**

1

## PROOF OF SERVICE

2     I am resident of the State of Nevada, over the age of eighteen years, and not a party to the

3 within action. My business address is 7271 W. Charleston, Suite 100, Las Vegas, NV 89052. On

4 November 26, 2014, I served the within document(s):

5

6     **OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

7 ☐     By **U.S. Mail** a copy of the document(s) listed above to the person(s) at the address(es) set

8 forth below.

9 **X**     By **CM/ECF/Clark County Wiznet Filing Pursuant to EDCR 8.05(a)** – with the

10 United States District Court of Nevada, or Clark County District Court, District of Nevada EDCR
8.05(a), a copy of the Court's notification of e-filing is attached to the hard copy for either faxing,

11 mailing, overnight delivery, and/or hand-delivery.

12

13 ☐     By **Facsimile Transmission** – the transmission was reported as complete and without

14 error. A copy of the transmission report, properly issued by the transmitting machine, is **attached**
to the hard copy. The names and facsimile numbers of the person(s) served are as set forth below.

15

16 ☐     By **Overnight Delivery** – by depositing a true copy of the same enclosed in a sealed

17 envelope, with delivery fees provided for, in an overnight delivery service pick up box or office
designated for overnight delivery, and addressed as set forth below.

18

19
☐     By personally delivering a copy of the document(s) listed above to the person(s) at the

20 address(es) set forth below.

21                          **Craig Friedberg, Esq.**
                           **4760 South Pecos Road, Suite 103**
22                          **Las Vegas, NV 89121**
                           **Attorney for Plaintiffs**
23

24     I declare under penalty of perjury that the foregoing is true and correct.

25

26 _____

27     An employee of Patenaude & Felix, A.P.C.

28

**MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56**