1   CRAIG B. FRIEDBERG, ESQ.
    Nevada Bar No. 004606
2   4760 South Pecos Road, Suite 103
    Las Vegas, Nevada 89121
3   Phone: (702) 435-7968; Fax: (702) 946-0887

4   Attorney for Plaintiff

5
                    **UNITED STATES DISTRICT COURT**
6
                       **DISTRICT OF NEVADA**
7

8   TRINA ROADHOUSE, SCOTT              CASE NO.:    2:13-cv-0560-GMN-CWH
    ROADHOUSE,
9                                       **PLAINTIFF'S OPPOSITION TO**
              Plaintiffs,               **DEFENDANT'S MOTION FOR**
10                                      **SUMMARY JUDGMENT**
    vs.                                 **PURSUANT TO FRCP 56;**
11                                      **AND, ALTERNATIVELY,**
    PATENAUDE & FELIX, A.P.C. a foreign **REQUEST TO POSTPONE RULING**
12  corporation, DOES I-V inclusive, and ROE  **ON DEFENDANT'S MOTION**
    Corporations VI-X, inclusive,       **UNTIL NECESSARY DISCOVERY**
13                                      **IS COMPLETED UNDER 56(d)**
              Defendants.
14
15          COMES NOW Plaintiffs Trina and Scott Roadhouse, by and through counsel, and

16   hereby submit to the Honorable Court their opposition to Defendant's Motion for

17   Summary Judgment.  Plaintiffs request that the Honorable Court deny Defendant's

     motion, or alternatively, defer its ruling until necessary discovery is completed.[1]
18
     _____
19          [1] When asked by Plaintiff's in her first set of interrogatories to "Identify in detail the
20   **complete factual basis** for your claim of bona fide error including a **description of** ... [the] **policies
     and procedures** in place that are reasonably designed to prevent such errors"; the Defendant's
21   response was "**Yes, the firm maintains such procedures to avoid such errors.**" (Emphsis added.)
     *See* Defendants Responses to Plaintiff Trina Roadhouse's Interrogatories, Request for Admissions
22   and Request for Production of Documents, dated October 31, 2014 ("discovery responses"), attached
     hereto as Exhibit "1", Response to Interrogatory No. 3 on p.7.
23
            When asked to produce documents that would allow Plaintiffs to examine P&F's bona fide
24   error defense, such as, for example:
25          No. 24 "Any and all training, personnel, or other instruction manuals,
            procedures or protocols used by the collection personnel who are employed by or
26          supervised by You" (*see* Exhibit "1", document request No. 24 on p. 41);
27          No. 38 "All documents concerning the maintenance of procedures by You to
            ensure compliance with Fair Debt Collection Practices Act and avoid the violations
28          alleged in Plaintiffs' complaint in this Litigation" (*see* Exhibit "1", document request
            No. 38 on p. 44); and

                                                              (continued...)

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968  Telecopier (702) 946-0887

1
2
3
4
5
        This opposition and FRCP 56(d) request are based upon the attached memorandum of law, the Court files and records of this action, the exhibits attached hereto, the declarations of Craig Friedberg and Trina Roadhouse, and on such oral argument and testimony as may be heard by the Court at the time of the hearing of this motion.

6   DATED this 22nd day of December 2014.

7   Respectfully submitted by:

8    /s/ Craig Friedberg
    Craig B. Friedberg, Esq.
9   4760 South Pecos Road, Suite 103
    Las Vegas, Nev. 89121

10  *Attorney for Plaintiffs*

11
12
13
14

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA  89121
(702) 435-7968   Telecopier (702) 946-0887

15
16  [1](...continued)
            No. 40 "All Documents summarizing, describing, instructing, detailing, or otherwise training any and all of Defendant's employees [regarding] Defendant's collection policies, ... practices ... methods, ... techniques, ... tactics, ... rules, ... regulations, and compliance with local, state, or federal laws, codes or regulations" (*see* Exhibit "1", document request No. 40 on p. 45);

17
18
19
20  P&F has **refused to produce any documents**, responding to each of these requests to produce with:

21          "Objection, attorney-client privileged. Objection, this request also seeks confidential information constituting trade secrets, the disclosure of which would negatively impact responding party. **These documents will not be produced**." (Emphasis added.)

22
23  *See* Exhibit "1", responses to document requests nos. 24, 38 and 40, on pp. 41, 44 and 45, respectively.

24
25          And Defendant's response to Plaintiff's request to admit that P&F had no facts, documents or witnesses to support its bona fide error defense (*see* Exhibit "1", *request for admission* Nos. 77, 78 and 79, on pp. 29-30) was the same for each:

26          Discovery is ongoing and after a diligent search, **responding party lacks sufficient information to either admit or deny said request** for admission and therefore denies the same. (Emphasis added.)

27
28  *See* Exhibit "1", responses to requests for admission nos. 77,78 and 79, on pp. 29-30, respectively.

- 2 -

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**STATEMENT OF UNDISPUTED FACTS**

Defendant, Patenaude & Felix, A.P.C. ("P&F"), is a foreign professional law corporation, with its main office located in San Diego, CA.[2] It is a debt collector as that term is defined in the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692k(a).[3]

Although Defendant wishes the Court to only focus on its filing of a collection action[4] on a **known time-barred account**, the gravamen of Plaintiffs' complaint is that Defendant not only filed the collection action in Clark County District Court, but also **maintained said action for another eight months, through final judgement (in the Plaintiffs' favor)**.[5] Defendant P&F had Bank statements in its possession before it filed the lawsuit which showed that no payments, credits or adjustments were applied to the account during the time periods covered by the statements (November 4, 2005 through February 3, 2006), which was more than six years before P&F filed the collection complaint, on April 3, 2012. Plaintiffs know that these statements were in P&F's possession no later than March 13, 2012, because the statements were enclosed with a dunning letter dated March 13, 2012, which P&F mailed to Plaintiffs.  *See* Exhibit "1", P&F's discovery responses to request for admission ("RFA") Nos. 21-31, inclusive, on pp. 19-21.

Before P&F served the Roadhouses with the collection complaint on May 11, 2012, (*see* RFA responses, Exhibit "1", P&F's response to RFA No. 50, on p. 24), P&F

---

[2] *See* Complaint [1], ¶ 6 and Defendant's First Amended Answer ("FAA") [27], ¶ 4.

[3] *See* Complaint [1], ¶¶ 6-7 and Defendant's FAA [27], ¶ 4.

[4]*See* Exhibit "2", Complaint, in *Capital One Bank (USA) N.A. v. Trina Roadhouse and Scott Roadhouse,* case no. A-12-659447-C, filed on April 3, 2012, in the Eighth Judicial District Court, Dept. No. II (the "collection action").

[5] *See* Exhibit "3", Judgment on Arbitration Award, in the collection action, filed on April 22, 2013.

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968  Telecopier (702) 946-0887

was in possession of Trina's letter, dated April 2, 2012 and received by P&F on April 3, 2012. *See* Exhibit "1", P&F's responses to RFA Nos. 32-33, on p.21.  The letter advised P&F that "[t]he Statute of Limitations has expired on collecting this account." *See* Exhibit "1", P&F's response to RFA No. 35 on p. 21.

Thus, Defendant had 2 months to review, from on or before March 13, 2012 until May 11, 2012, and to investigate and confirm, that the statements it received from its client were more accurate than the notation in its computer program that the statute of limitations had not yet run.[6] This was not done, and the Plaintiffs were served with the collection complaint and retained an attorney to represent them in the collection action. They incurred attorney's fees, court costs, filing fees and arbitrator fees during the course of their defense.

On May 31, 2012, the Roadhouses answered the collection action complaint and again informed P&F via their second affirmative defense that the claims in the state court action were commenced after the running of the applicable statute of limitations. *See* Exhibit "1", P&F's response to RFA No. 51 on p. 24.

For the next eight-plus months, P&F continued to litigate the state court action, concluding with a court-appointed arbitrator's award for the Roadhouses on their affirmative defense and stating that "[o]n either cause of action, the statute of limitations had run prior to the filing of the action." *See* Exhibit "6", Arbitration Award, dated February 6, 2013.

During this time period, Patenaude maintained and furthered the litigation by:

(a)     participating in choosing which of five proposed arbitrators it would strike;

(b)     participating in an early arbitration conference between it, the Roadhouses' attorney and the arbitrator selected, wherein Patenaude discussed

---

[6] *See* Exhibit "4", Claim Summary, the first page of Exhibit 4, which was attached to the Deposition of Westley Villanueva, dated November 19, 2014 ("Villanueva Depo."), portions of which are attached as Exhibit "5" who appeared as Defendant's 30(b)(6) representative and as a 30(b)(1) deponent, and his testimony at 170: 2-23.

*Law Offices of*
CRAIG B. FRIEDBERG, ESQ.
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968  Telecopier (702) 946-0887

1  discovery it wished to take, providing the Roadhouses with more statements and

2  identifying witnesses it felt was necessary for the arbitration hearing;

3       (c)    On August 22, 2012, mailed to the arbitrator and to the Roadhouses

4  statements from June 4, 2005 through March 3, 2006, which conclusively showed that

5  the last payment was made on the account on August 3, 2005 and the last time the

6  account was used was August 6, 2005 (six years and seven months before P&F

7  commenced the state court action), *see* Exhibit "1", P&F's response to RFA No. 52, 55

8  and 56 on pp. 24-25.;

9       (d)    Telling the arbitrator in response to the motion for summary judgment the

10 Roadhouses filed in the state court action and served on Patenaude, that it "[saw] in my

11 client financials that payments have been made in 2009 and 2010," but could not

12 present any documents to substantiate this claim at the arbitration hearing (*see* Exhibit

13 "7", email exchange between P&F attorney and Plaintiffs' attorney, dated February 4,

14 2013);

15      (e)    Refusing to agree to continue the arbitration hearing, thus forcing the

16 Roadhouses to expend more money having their attorney travel to and attend the

17 hearing (*see* Exhibit "8", email from P&F attorney to Plaintiffs' attorney and Arbitrator,

18 dated February 5, 2013) ; and

19      (f)    Forcing an arbitration hearing on the collection action rather than

20 dismissing the complaint even though P&F was aware that the account was time-barred,

21 *see* Exhibit "1", P&F's response to RFA No. 60 on p. 25.

## II.

## SUMMARY JUDGEMENT STANDARD

24      Summary judgment is proper only when "the pleadings, the discovery and

25 disclosure materials on file, and any affidavits show that there is no genuine issue as to

26 any material fact and that the movant is entitled to judgment as a matter of law." Fed. R.

27 Civ. P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which

28 a reasonable fact finder could find for the non-moving party, and a dispute is "material"

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968  Telecopier (702) 946-0887

only if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The court must view all facts and draw all inferences in the light most favorable to the non-moving party. *Blanck v. Hager,* 360 F. Supp. 2d 1137, 1148 (D. Nev. 2005) (citations omitted).  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir.2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103-04 (9th Cir.1999)).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). In response to a properly submitted summary judgment motion, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. *Henderson v. City of Simi Valley,* 305 F.3d 1052, 1055-56 (9th Cir. 2002).

### III.

### MATERIAL ISSUES OF FACT EXIST WHICH PRECLUDE SUMMARY JUDGMENT

Although Defendant titles its motion as one for Summary Judgement; it actually is a motion for partial summary judgment, specifically with respect to Defendant's third affirmative defense set forth in its First Amended Answer [27], which purports to allege the bona fide error defense found in 15 U.S.C. §1692k(c).[7]

Initially, it should be pointed out that Defendant's motion fails to include a "concise statement setting forth each fact material to the disposition of the motion …

---

[7] 15 U.S.C. §1692k(c) states: "A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

[with citations to] particular portions of the any pleading, affidavit, deposition,

interrogatory, answer, admission or other evidence" upon which P&F relies. Local Rule

56-1. *See also* FRCP 56(c)(1)(A). Upon this failure alone, the Court should deny

Defendant's motion.

It is noted that P&F does include in its motion a generalized checklist of things

that it allegedly does to be in compliance with the FDCPA. *See* Motion for Summary

Judgement [33], pp. 7-8. But, there is **no reference to any admissible evidence**

supporting the items checklist. And Plaintiffs take issue with many of those items.

For example, the listed procedures all relate broadly as to how P&F handles

collection accounts in general. But the managing attorney's many errors in allowing the

time-barred account to not only be sued upon, but also to have the firm actively

prosecute it to an adverse judgment cannot be considered bona fide; and the managing

attorney's personal issues, does not change this analysis. Especially in light of the

following exchange at his deposition.

<pre>
                            132
22   Q.  Okay.  Well, did you -- because of the long period
23   of time that you were dealing with your personal issues, did
24   you establish any procedures for other people in your office
25   to handle the review of documentation that would be filed?

                            133
 1   A.  Not in these particular cases, no.
 2   Q.  Why not?
 3   A.  Because it was my project.
 4   Q.  Sitting here today, do you think it would have
 5   been a good idea to have set up an oversight besides
 6   yourself to review documentation coming in on these cases?
 7   A.  No.
</pre>

Villanueva Depo., Exhibit "5", pp. 132-133.

Plaintiffs were harmed by P&F's failure to develop any review or oversight

procedures regarding accounts like the Plaintiffs. Such failures were intentional. If the

P&F attorney had it to do over again, he would do it the same way. There is no showing

of remorse or an understanding of the consequences of his actions. Nothing about how

P&F handled this matter is bona fide.

*Law Offices of*
CRAIG B. FRIEDBERG, ESQ.
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

Furthermore, Plaintiffs dispute that these generalized items are material to Defendant's burden of proof that it had particularized procedures in place to prevent it from filing collection actions on time-barred accounts.[8]  In fact, as explained throughout this brief, P&F has stymied Plaintiffs at every turn in their attempt to get the testimony and documents that would allow them to fully analyze Defendant's position.[9]

For example, P&F has refused to provide any of the training materials, procedure manuals, PowerPoint presentations, etc. it states its collectors use to train for not violating the FDCPA.[10]  Even P&F's collector notes regarding the Plaintiff's account are

---

[8] In the last six months alone, Plaintiffs found three complaints filed against P&F alleging the same errors as that which occurred to the Roadhouses, namely the filing of collections actions on time-barred accounts, and two of those cases are putative class actions. *See* Exhibit "9", complaint in *Amundsen v. Law Offices of Patenaude & Felix, A.P.C., et al.*, case no. 3:14-cv-02099 (S.D. Cal.), filed September 4, 2014; Exhibit "10", class action complaint in *Esikia et al. v. Patenaude & Felix, A Professional Corporation, et al.,* case no. 3:14-cv-03653 (N.D. Cal.), filed August 12, 2014; and Exhibit "11", class action complaint in *Carlos, et al. v. Patenaude & Felix, A.P.C., et al.*, case no. 3:14-cv-00921 (D. Or.), filed June 16, 2014.

Going back to the beginning of 2013, Plaintiffs found another three cases against Defendant also alleging that it violated the FDCPA by filing collection actions which were time-barred. *See also,* Exhibit "12", second amended complaint in *Weintraub v. Law Office of Patenaude & Felix, A.P.C., et al.*, case no. 3:13-cv-01032 (S.D. Cal.), filed January 22, 2014; Exhibit "13", complaint in *Cavaltera v. Law Offices of Patenaude & Felix, P.C., et al.,* case no. 2:13-cv-02481 (C.D. Cal.), filed April 8, 2013; and Exhibit "14", complaint in *Tsoi v.  Patenaude & Felix, A Professional Corporation, et al.,* case no. 3:13-cv-00143 (N.D. Cal.), filed January 10, 2013.

These cases are relevant to Defendant's motion. It is also relevant and admissible to support Plaintiffs' request for exemplary damages, as it appears that, in contrast to Defendant's statement that what occurred to Plaintiffs iwas an isolated event, this is aproblem that P&F still has not resolved.  *BMW of N. Am. Inc. v. Gore*, 517 U.S. 559, 576-77 (1996) ("evidence that a defendant has repeatedly engaged in prohibited conduct while knowing or suspecting that it was unlawful would provide relevant support for an argument that strong medicine is required to cure the defendant's disrespect for the law").

[9] Plaintiffs will be filing their motion to compel discovery shortly.

[10] Numerous cases under the Fair Debt Collection Practices Act have **required disclosure of manuals regarding collection practices and procedures.** *See, e.g., Pullen v. Arrow Fin. Servs., LLC*, No. 02 Civ. 647(DJS), 2002 WL 32864712, at *4-5 (D.Conn. Oct. 17, 2002); *Yancey v. Hooten*, 180 F.R.D. 203, 213 (D.Conn. 1998) (granting motion to compel, "Copies of any policy manuals or instructions used by defendants or persons under their supervision regarding collection practices or procedures."); *Boutvis v. Risk Management Alternatives, Inc.*, 2002 WL 971666 *3 (D.Conn. May 3, 2002) (compelling production of "manuals, written procedures, and protocols

(continued...)

*Law Offices of*
CRAIG B. FRIEDBERG, ESQ.
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

so heavily redacted [11] that its own corporate representative had to bring an unredacted

copy with him to use at his deposition to enable him to answer some of Plaintiff's

questions about what is in the collection notes. *See* Exhibit "5", Villanueva Depo., 115:7 -

116:18.

      However, when it was discovered that Mr. Villanueva had an unredacted version

of the collection notes and he was asked to produce the document he was reading from,

he refused (*Id.,* at 116:18 - 118:11, 120:9-10). He also refused to provide any information

---

[10](...continued)

defendant uses in complying with the FDCPA and in accessing and reporting to credit bureaus"); and
*Kimbro v. I.C. System, Inc.*, 2002 WL 1816820, at *3 (D.Conn. July 22, 2002) (granting motion to
compel production of "the manuals, written procedures, and protocols defendant uses in complying
with the FDCPA and in accessing and reporting to credit bureaus.").

    [11] *See* Exhibit "19", the heavily redacted collector notes P&F has produced. *Also see*, Exhibit
"5", Villanueva Depo., 107:18 - 108:16, wherein P&F refuses to provide unredacted collection notes
regarding entries that relate to specific information P&F received regarding Plaintiff's account when
it was referred to P&F.

107

22    Q.  Is that information reflected in the log notes
23  that are Exhibit 4 to Defendant's Response to Request for
24  Production of Documents?
25    A.  I believe it is in the log notes, yes.  It's going

108

1  to be the redacted information on 9/15/2010.
      * * *
4  BY MR. FRIEDBERG:
5    Q.  Okay.  Just so I understand.  **You're asserting, I**
**6  guess, an attorney-client privilege with respect to specific**
**7  information you received regarding my clients' account when**
**8  it was transferred to your office?**
**9    A.  It's client communication.  That data is client**
**10  communication.  Communication from my client to our firm**
**11  for attorney review.**
**12    Q.  So you're -- you're applying that privilege to**
**13  actual information you received regarding this particular**
**14  account that we're suing on?**
15    MS. GRECO:  Objection; asked and answered.
**16    THE WITNESS:  Yes.**

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

1    that was redacted in the document produced to Plaintiffs (*Id.*, at 125:22-24). During the

2    lunchtime break he put the unredacted notes in his car and refused to get them or use

3    them for the rest of the deposition (*Id.*, at 174:11-16, 189:3-21). This type of

4    obstructionism is a significant reason why Plaintiffs are asking the Court, in the

5    alternative, if it does not deny the motion outright, for Plaintiffs be allowed to complete

6    their discovery.

7          Another potentially critical document that could assist Plaintiffs in responding to

8    Defendant's motion (and assist in trial preparation) is the collection agreement between

9    the Bank and P&F, which P&F refuses to produce. *See* Exhibit "1", Defendant's discovery

10   responses, response to request to produce nos. 16, 18, 35 and 44.

11         Courts routinely order the production of collection agreements with debt

12   collection law firms. *See McCollough v. Johnson, Rodenberg & Lauinger*, 2009 WL

13   44551 at *1 (D.Mont. Jan. 6, 2009)("The document sets forth procedures upon which

14   the signatories have agreed for communication between them in their efforts to service

15   debts, and sets forth the fee arrangements for such services. As noted in the Court's

16   prior Order **such information generally does not fall under the protection of**

17   **attorney-client privilege.**") (citing to *Reiserer v. U.S.*, 479 F.3d 1160, 1165 (9th

18   Cir.2007)); *Tzanetis v. Weinstein & Riley P.S.*, 2009 WL 5128892 at *1 (D.Conn. Dec.

19   18, 2009) (ordering debt collection **law firm to produce** "All **contracts and**

20   **retainer agreements** with [debt buyer] and [with] any intermediary, servicer or

21   forwarder in effect as of the date you received plaintiffs account for collection and dates

22   thereafter.")

23         Even if the contract between the Bank and P&F were more along the lines of a

24   retainer agreement than a collection agreement, **retainer agreements are not**

25   **privileged**. *Vingelli v. United States*, 992 F.2d 449, 452 (2d Cir.1993) ("We have

26   determined that in the absence of special circumstances **client identity and fee**

27   **arrangements do not fall within the attorney-client privilege** because they are

28   not the kinds of disclosures that would not have been made absent the privilege and

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968  Telecopier (702) 946-0887

1   their disclosure does not incapacitate the attorney from rendering legal advice.")

2   (internal citations omitted).

3          The collection agreements are relevant, if for no other reason, than to delineate

4   the responsibilities of the parties in exchanging information, the information required to

5   be shared, and whether a party explicitly disclaims reliance upon the information

6   provided by another party. A standard provision of a collection agreement is a

7   "representation and warranties" section that either expressly makes, is silent upon, or

8   affirmatively disclaims representations as to the accuracy of the information. If the

9   collection agreement between the Bank and P&F disclaims warranties and

10  representations, then  Defendant — who uses as an excuse for filing and maintaining the

11  collection action against Plaintiffs, that it was relying on information provided to it by its

12  client — would lose any claim to a bona fide error defense that it had no reason to know

13  that the lawsuit it was prosecuting against Ps was filed well after the Nevada's six-year

14  statute of limitation for breach of contract had passed. *McCollough v. Johnson,*

15  *Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948-49 (9th Cir.2011) ("However, the bona

16  fide error defense "does not protect a debt collector whose reliance on a creditor's

17  representation is unreasonable.' … The undisputed evidence established that [the law

18  firm]'s reliance on [its client]'s email was unreasonable as a matter of law. First,

19  [client]'s contract with [the law firm] expressly disclaimed 'the accuracy or validity of

20  data provided' and instructed that [the law firm] was 'responsible to determine [its]

21  legal and ethical ability to collect' the account.") (citations omitted); *Crafton v. Law*

22  *Firm of Jonathan B. Levine*, 957 F.Supp.2d 992, 999-1000 (E.D.Wis. 2013) ("The

23  **defendant has produced no evidence that it has any agreement with its**

24  **clients regarding the currency or accuracy of the accounts when they are**

25  **referred**. Therefore, … the defendant has **not produced sufficient evidence** which

26  would **support** a reasonably [*sic*] jury finding that the **bona fide error defense**

27  applied to its violations of §§ 1692e(2)(A) and 1692e(10).")(Emphasis added.)

28          Defendant's motion should also be denied because there really was no procedure

for handling Plaintiff's account. At page 257 of Wes Villanueva's deposition testimony, an explanation of the policies and procedures that were in place on files like Plaintiffs finally slipped out.

257

23    A.  I felt like I've developed my defense.  I screwed
24  up.  You keep saying I'm a debt collection attorney.  I get
25  it.  I understand where you're going with that.  **You want to**

258

1  **see the policies and procedures.**  What I'm tell you is **I had**
2  **to review every single file.**  Every outcome was different.
3  **You can't have a policy and procedure in place when you have**
4  **a big mess.  The policy and procedure was Wes Villanueva, as**
5  **the attorney, reviews the file and takes it to the next**
6  **step.**

That is really what this case is about. Plaintiffs' account was part of a "big mess" and P&F was not prepared to handle it. The managing attorney in its Nevada office did not reach out to the National Association of Retail Collection Attorneys (a trade group for consumer collection law firms that can be found at www.narca.org) and received no help from the more experienced attorneys in the main P&F office in San Diego.[12]

Defendant has not presented any admissible evidence of exactly what the policy and procedure was to handle a situation where, as occurred here, P&F's computer notations as to when the statute of limitations on the account ran is contradicted by the client's account statements. P&F has not offered any evidence of procedures that are "reasonably adapted" to prevent the consequence of the contradictory information

_____

[12]                                              156
5    Q   (By Mr. Friedberg) Okay.  Did you reach out to
6  NARCA?
7    A.  No, I did not.
8    Q.  Any particular reason why not?
9    A.  I didn't think of it.

* * *

15    Q.  Do you recall if anybody from Patenaude & Felix
16  had suggested that you reach out to NARCA?
17    A.  No.  That conversation never happened.

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

regarding when the statute of limitation on the account had run, namely the filing and maintenance of the collection action through to adverse judgment (entered against P&F's client).

P&F allowed one person, the managing attorney of the office, to be the exclusive reviewer of the files from which the Plaintiffs account was a part. P&F did not provide assistance, supervision, nor oversight, to make sure nothing like what occurred to Plaintiffs could happen. This is not enough. The error here was not only the filing, but also the prosecution of a time barred account for eleven months after P&F received statements from its client that conclusively showed that the alleged default occurred more than six years before the complaint was drafted and the lawsuit was filed.

Neither has P&F produced any evidence that it has any agreement with its client regarding the currency or accuracy of the accounts when they are referred. Therefore, P&F, who has the burden of proof to establish the bona fide error defense, has failed to do so. P&F "has not produced sufficient evidence which would support a reasonabl[e] jury finding that the bona fide error defense applied to its violations of [the FDCPA]." *Crafton*, 957 F.Supp.2d at 1000 (E.D.Wis. 2013).

## III.

### DEFENDANT'S UNACCEPTED OFFER OF JUDGMENT DOES NOT MOOT PLAINTIFF'S CASE

Lastly, Defendant argues that because it made an offer of judgment for one dollar more than the maximum statutory damages allowed, the entire case is moot. Defendant conveniently leaves out of its argument that Plaintiffs have alleged, in addition to statutory damages under 15 U.S.C. §1692k, actual damages as contemplated by 15 U.S.C. §1692k, including, but not limited to, the costs of defending the state court collection lawsuit, and for emotional injuries.[13]

---

[13] "A debt collector violates the FDCPA by using the courts to attempt to collect a time-barred debt." *McCollough v. Johnson, Rodenberg & Lauinger*, 587 F. Supp. 2d 1170, 1176 (D. Mont. 2008)(affirmed by *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th

(continued...)

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

1   Defendant's contention that because Plaintiffs did not seek to recover fees or

2   costs in the collection action incurred in defending themselves negates their claim for

3   actual damages is without authority. Initially, it must be pointed out that P&F was not a

4   party in the collection action, and therefore, Plaintiffs could not request an award of fees

5   and costs against P&F in state court. Additionally, courts have held the exact opposite of

6   what P&F argues here. *See, e.g., Tsoi v. Patenaude & Felix, et al.*, 2014 WL 1477521, *4

7   (N.D.Cal. April 15, 2014).

8   > While plaintiff could have brought his claims against defendants in the
   > state court case, **plaintiff was not required to do so**, and the Court
9   > will not reduce plaintiff's hours on this basis. *Cf. Perez v. Gordon & Wong
   > Law Group, P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425, at *3-5 (N.D.
10  > Cal. Mar. 26, 2012) (in FDCPA case, **denying the defendants' motion
   > for summary judgment** and holding that plaintiff's claims against law
11  > firm were not barred by claim preclusion where plaintiff had settled state
   > claims against law firm's client and state settlement expressly did not
12  > cover claims against the law firm).

13  Moreover, P&F's offer of judgment only goes to statutory damages under the

14  FDCPA. Plaintiffs have also plead violations of Nevada's deceptive trade practice act,

15  negligence, intentional interference with contractual relations and exemplary damages.

16  Defendant's contention that an unaccepted offer of judgment regarding one type of

17  damage in one cause of action somehow moots the entire case, is just not the law in this

18  circuit. Although the mootness issue was unsettled until recently, the Ninth Circuit has

19  now twice expressly resolved the question, finding that even if the offer of judgment

20  provided complete relief for all of Plaintiff's claims and types of damages, it still does not

21  moot the case. "[A]n unaccepted Rule 68 offer that would fully satisfy a plaintiff's claim

22  is insufficient to render the claim moot." *Diaz v. First Am. Home Buyers Prot. Corp.*,

23  732 F.3d 948, 950 (9th Cir. 2013). *See also, Gomez v. Campbell-Ewald Co.*, 768 F.3d

24  _____

25  [13](...continued)
   Cir. 2011)). Defending a time-barred collection action is actual damages under the FDCPA. *See,*
26  *Owens v. Howe*, 365 F. Supp. 2d 942, 948 (N.D. Ind. 2005) (the attorney fees and cost incurred
   defending a state court lawsuit are properly awarded as actual damages under 15 U.S.C. §
27  1692k(a)(1), and not under 15 U.S.C. § 1692k(a)(3)); *Lowe v. Elite Recovery Solutions L.P.*, 2008
   WL 324777, at *3 (E.D. Cal. Feb. 4, 2008) (awarding attorney fees and court costs incurred
28  defending state court action as actual damages under 15 U.S.C. § 1692k).

871, 875 (9th Cir. 2014); *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011). Here, Plaintiffs demand actual damages as well as exemplary damages, none of which was addressed in P&F's offer of judgment. Precedent – and common sense – make clear that Plaintiff's non-acceptance of the offer does not moot the case.[14]

## CONCLUSION

For the reasons set forth herein, Defendant's motion for summary judgment on its bona fide error defense should be denied. Alternatively, Plaintiffs respectfully request that, under FRCP 56(d), they be allowed to complete their discovery (which includes taking the deposition of the other P&F attorney who signed many of the documents and briefs submitted to the trier of fact in the collection action[15], as well as moving to compel interrogatory and document production responses, and being allowed to finish the deposition of Defendant's corporate representative and managing attorney, Westley Villanueva.

DATED this 22nd day of December 2014.

Respectfully submitted by:

 /s/ Craig Friedberg
Craig B. Friedberg, Esq.
4760 S. Pecos Road, Suite 103
Las Vegas, NV. 89121
*Attorney for Plaintiffs*

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   Telecopier (702) 946-0887

[14] *See also*, *Boucher v. Rioux*, 2014 WL 4417914 (D.NH. Sept. 8, 2014) (same result); *Delgado v. Castellino Corp.*, 2014 WL 4339232 (D.Co. Sept. 2, 2014) (same).

[15] Mr. Joseph Dinoia failed to appear at his duly noticed deposition earlier this month. *See*, Exhibit __, Affidavit of Non-Appearance of Joseph DiNoia, dated December 3, 2014.