## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

TRINA ROADHOUSE; SCOTT ROADHOUSE,

        Plaintiffs,

  vs.

PATENAUDE & FELIX, A.P.C.,

        Defendant.

Case No.: 2:13-cv-00560-GMN-CWH

**ORDER**

Pending before the Court is the Motion for Summary Judgment (ECF No. 33) filed by Defendant Patenaude & Felix, A.P.C. ("Defendant"). Plaintiffs Trina and Scott Roadhouse (collectively, "Plaintiffs") filed a Response (ECF No. 34), and Defendant filed a Reply (ECF No. 39). For the reasons discussed below, Defendant's Motion is **DENIED**.

### I.  BACKGROUND

Plaintiffs Trina and Scott Roadhouse (collectively, "Plaintiffs") filed this action in April 2013 seeking damages for the allegedly unlawful debt collection practices of Defendant Patenaude & Felix, A.P.C. ("Defendant"). (*See* Compl., ECF No. 1). Plaintiffs allege that Defendant sent an initial collection letter to Plaintiffs, which demanded payment on an account originating before June 4, 2005. (*Id.* ¶¶ 15–19). On May 11, 2012, Defendant had a complaint filed in state court served upon Plaintiffs. (*Id.* ¶¶ 24, 26). Plaintiffs allege that the statute of limitations had run on collecting any past due balance of the account, and Plaintiffs made Defendant aware of this fact before and during the state court litigation. (*Id.* ¶¶ 23, 27–28). The state court action continued for over eight months. (*Id.* ¶¶ 28–29).

Plaintiffs filed the instant action on April 1, 2013, asserting the following causes of action: (1) violations of the Fair Debt Collection Practices Act (FDCPA); (2) violations of the

Nevada Deceptive Trade Practices Act; (3) negligence; and (4) intentional interference with contractual relations. (*Id.* ¶¶ 31–53).

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case

on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.   DISCUSSION**

Defendant asserts that summary judgment should be granted summary judgment on Plaintiffs' violation of the FDCPA claim based on the affirmative defense of bona fide error pursuant to 15 U.S.C. § 1692k(c). (Mot. for Summ. J. 5:10–9:19, ECF No. 33). Defendant alternatively requests that "this Court limit Plaintiffs damage to statutory damages of $1,000.00

and deny Plaintiffs other claims for relief." (*Id.* 10:3–6).

### A. Bona Fide Error Defense

Defendant asserts that summary judgment should be granted on Plaintiffs' violation of the FDCPA claim based on the affirmative defense of bona fide error pursuant to 15 U.S.C. § 1692k(c). (Mot. for Summ. J. 5:10–9:19). The bona fide error defense is an affirmative defense, for which the debt collector has the burden of proof. *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1006 (9th Cir. 2008); *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1514 (9th Cir. 1994). Thus, to qualify for the bona fide error defense, the defendant must prove that (1) it violated the FDCPA unintentionally; (2) the violation resulted from a bona fide error; and (3) it maintained procedures reasonably adapted to avoid the violation. *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011). Procedures that support a valid bona fide error defense must be "reasonably adapted to avoid the specific error at issue." *McCollough,* 637 F.3d at 948 (citing *Reichert,* 531 F.3d at 1006).

More specifically, Defendant asserts that the alleged violation of the FDCPA was an "unintentional incident," made by one of its attorneys, Wesley Villanueva ("Villanueva"), who "was experiencing serious personal issues and tragedies during the duration of the State Court action against Plaintiffs." (Mot. for Summ. J. 5:18, 8:19–21). Moreover, Defendant asserts that the "error was inadvertent and occurred despite the policies and procedures that have been put into place to ensure FDCPA compliance." (*Id.* 5:18, 8:13–14). Such policies and procedures include:

> a.) Conducting weekly meetings for attorneys, managers, and team leads to provide up to date information about the industry and any changes to current policies and procedures.
>
> b.) Conducting bi-annual FDCPA training and testing for all collection staff. The training and testing include topics such as, but not limited to, debt validation, collection call compliance, mini-miranda, statute of limitations issues, SCRA, FCRA, TCPA, and meaningful attorney involvement.

      c.) The firm utilizes sophisticated collections software that is integrated to communicate with client software to ensure accounts are within the statute of limitations and the integrity of the data transmitted is secure and accurate.

      d.) The firm maintains and internal IT team that ensures proper functioning of the software and systems.

      e.) Patenaude & Felix, A.P.C., Nevada Division, have two on-site full time attorneys well versed in the FDCP A who provide immediate access to any legal or collection staff who have questions regarding collection' files so as to ensure a consistent adherence to FDCP A policies and procedures. Patenaude & Felix, A.P. C.'s FDCPA policies and procedures are designed to ensure compliance with all of the applicable FDCPA requirements. However, no system is completely foolproof and errors are always possible.

(*Id.* 7:23–8:11). To support these assertions, Defendant attaches a self-serving affidavit executed by Villanueva. (Ex. C to Mot. for Summ. J., ECF No. 33-3). Without more, the Court finds that Defendant has not produced sufficient evidence which would support a reasonable jury finding that the bona fide error defense applied to its violations of the FDCPA.

    Even if Defendant had produced sufficient evidence, Plaintiffs have presented evidence that creates a genuine issue of material fact. First, Plaintiffs clarify that "the gravamen of Plaintiffs' complaint is that Defendant not only filed the collection action in Clark County District Court, but also maintained said action for another eight months, through final judgement (in the Plaintiffs' favor)." (Response 3:8–11, ECF No. 34). Second, Plaintiffs assert that Defendant was in possession of a letter Plaintiff Trina Roadhouse sent to Defendant more than a month before Defendant filed its complaint in state court, advising Defendant that the statute of limitations had expired on the collection of the account. (*Id.* 3:20–4:4). This assertion is supported by Defendant's Response to Plaintiffs' Requests for Admissions. (Ex. A to Response 21:9–26, ECF No. 34-1; *see also* Ex. 2 to Compl., ECF No. 1). Third, Plaintiffs assert that they "answered the collection action complaint and again informed P&F via their

second affirmative defense that the claims in the state court action were commenced after the running of the applicable statute of limitations," yet "[f]or the next eight-plus months, P&F continued to litigate the state court action." (Mot. for Summ. J. 4:12–16; Ex. A to Response 24:1–3). Accordingly, the Court finds that a genuine issue of fact exists regarding whether Defendant's alleged violations of the FDCPA were the result of a bona fide error. Therefore, the Court denies Defendant's Motion for Summary Judgment on this basis.

### B. Damages

Defendant alternatively requests that "this Court limit Plaintiffs damage to statutory damages of $1,000.00 and deny Plaintiffs other claims for relief." (Mot. for Summ. J. 10:3–6). More specifically, Defendant asserts that no actual damages exist because "Plaintiff did not seek to recover attorney fees or even court costs nor was P&F sanctioned in the state court." (*Id.* 5:5–7). Moreover, Defendant asserts that no case or controversy exists because it "offered the maximum penalty allowed by law of $1,001.00 by way of a Rule 68 offer of Judgment." (*Id.* 4:27–5:2).

However, these assertions fail for the following reasons. First, Defendant fails to address Plaintiff's additional claims, including violation of the Nevada Deceptive Trade Practices Act, negligence, and intentional interference with contractual relations. (*See* Compl. Second, in addition to statutory damages under the FDCPA, Plaintiffs seek actual damages, exemplary damages, and costs and attorney fees. (*Id.* ¶ 54). Third, "an unaccepted Rule 68 offer that would have fully satisfied a plaintiff's claim does not render that claim moot." *Diaz v. First Am. Home Buyers Prot. Corp.*, 732 F.3d 948, 945–55 (9th Cir. 2013). Accordingly, the Court denies Defendant's Motion for Summary Judgment on this basis.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 33) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Postpone Ruling Under FRCP 56(d) (ECF No. 38) is **DENIED as moot**.

**DATED** this 14th day of April, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge