# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

TRINA ROADHOUSE,                            )
SCOTT ROADHOUSE,                            )
                                            )          Case No.: 2:13-cv-560-GMN-CWH
                    Plaintiffs,             )
                                            )                      **ORDER**
          vs.                               )
                                            )
PATENAUDE & FELIX, A.P.C.,                  )
                                            )
                    Defendant.              )
_____    )

      Pending before the Court is the Motion for Attorney's Fees (ECF No. 85) filed by Plaintiffs Trina and Scott Roadhouse (collectively, "Plaintiffs"). Defendant Patenaude & Felix, A.P.C. ("Defendant") filed a Response (ECF No. 90), and Plaintiffs filed a Reply (ECF No. 92).

## I.    BACKGROUND

      This case arises from a lawsuit initiated on May 11, 2012, by Defendant against Plaintiffs in Clark County District Court ("State Court Action"). In the State Court Action, Defendant sought "to collect a debt and prosecute claims after the statute of limitations had run." (Def.'s Resp. to Pls.' Mot. Att'y Fees ("Def.'s Resp.") 3:15–17, ECF No. 90). Plaintiffs ultimately prevailed in the State Court Action. (Compl. ¶ 28, ECF No. 1). On April 1, 2013, Plaintiffs filed the instant action asserting the following causes of action: (1) Violations of the Federal Fair Debt Collection Practices Act ("FDCPA"); (2) Violation of Nevada's Deceptive Trade Practices Act ("NDTPA"); (3) Negligence; and (4) Intentional Interference with Contractual Relations. (Id. ¶¶ 31–53).

      This case has proceeded before the Court for almost three years, with pretrial litigation including: Plaintiffs' Motion to Strike eight of Defendant's thirteen affirmative defenses (ECF

No. 10), which the Court granted (ECF No. 26); Defendant's Motion for Summary Judgment (ECF No. 33), which the Court denied (ECF No. 42); and numerous Motions in Limine ("MILs") filed by both parties (ECF Nos. 55–61, 72–73).[1]

A jury trial in this case was set to begin on January 25, 2016. (*See* ECF No. 75). On January 13, 2016, the parties filed a Stipulation for Extension of Time stating that they had reached a settlement but needed additional time to work out "the details of the settlement with regard to attorney fees and costs" (Stip. ¶ 2, ECF No. 77), which the Court granted (ECF No. 78). Plaintiffs filed a Notice of Settlement on April 21, 2016, indicating that the parties "are in the process of preparing settlement documents." (Not. Settlement 1:21–22, ECF No. 80). This Notice explained that the parties had "agreed that plaintiffs are entitled to reasonable attorney's fees and costs as the prevailing party on the fee-shifting claims alleged ('FDCPA claim' and the 'NDTPA claim')," but they were still disputing certain attorney's fees issues. (*Id.* 1:26–2:6). The Court set a status conference for June 27, 2016, regarding the status of the settlement, during which the parties informed the Court that they could not reach an agreement regarding attorney's fees. (*See* ECF No. 82). Accordingly, the Court set a briefing schedule, and Plaintiffs filed the instant motion requesting attorney's fees.[2]

## II.  **LEGAL STANDARD**

The FDCPA is a fee shifting statute, and any debt collector who fails to comply with its provisions is liable for the costs a lawsuit to enforce liability as well as reasonable attorney's fees as determined by the court. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citing 15 U.S.C. § 1692k(a)(3)). "The FDCPA's statutory language makes an award of

---

[1] Defendant initially filed seven MILs (ECF Nos 55–61), to which Plaintiffs filed Responses (ECF Nos. 66–71). Defendant then filed another MIL (ECF No. 72), and Plaintiff filed a Consolidated MIL addressing nine separate issues (ECF No. 73). Neither party responded to this second set of MILs, as the parties then indicated to the Court that they had reached a settlement. (*See* ECF No. 77). Upon the filing of their Notice of Settlement (ECF No. 80), the Court denied as moot all pending MILs (ECF No. 81).

[2] Plaintiffs' Motion also seeks relief regarding costs. (Pls.' Mot. Att'y Fees 11:17–24, ECF No. 85). However, this request is now moot as the Clerk of Court has since filed "Costs Taxed." (ECF No. 95).

fees mandatory" in part because Congress chose a "private attorney general approach to assume enforcement of the FDCPA." *Id.* Reasonable attorney's fees under fee-shifting statutes like the FDCPA are "not conditioned upon and need not be proportionate to an award of money damages." *City of Riverside v. Rivera*, 477 U.S. 561, 576 (1986).

Federal district courts must calculate awards for attorney's fees using the lodestar method set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The amount of the attorney's fees must be determined on the facts of each case. *Id.* at 429. "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citation omitted). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Id.*; *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (enumerating factors district courts may consider in determining fee awards).

The party seeking an award of fees should submit evidence supporting the rates claimed and the hours worked. *Hensley*, 461 U.S. at 433; *see also Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006) ("When a party seeks an award of attorneys' fees, that party bears the burden of submitting evidence of the hours worked and the rate paid."). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992).

In reviewing a motion for attorney's fees, the court will rely on its own experience to determine whether the amount requested is reasonable and based on the lodestar calculation. *See Ilick v. Miller*, 68 F. Supp. 2d 1169, 1176 (D. Nev. 1999) (noting that the court may rely on

its own discretion in determining reasonableness of attorney's requested fee award); *Hensley*, 461 U.S. at 437 (the district court has discretion in determining the amount of a fee award).

## III.  **DISCUSSION**

Defendant does not dispute that Plaintiffs are the prevailing party and entitled to reasonable attorney's fees. (Def.'s Resp. 5:22–23).[3]  Plaintiffs seek an award of attorney's fees in the amount of $101,610, based on 225.8 hours at $450.00 per hour. (Pls.' Reply 10:20–22. ECF No. 92).[4]

First, Defendant urges the Court to decline to award the lodestar calculation and instead use its discretion. (Def.'s Resp. 9:5–11:14).  However, the cases cited by Defendant, such as *Jerman v. Calisle, McNellie, Rini, Kramer & Ulrich*, 559 U.S. 573 (2010), still indicate that the Court should use the lodestar method, while allowing for "downward adjustments in appropriate circumstances." *Jerman*, 559 U.S. at 558 n.16.  For example, the *Jerman* court described a case wherein a "downward adjustment" was affirmed for the "unnecessary use of multiple attorneys . . . in a straightforward, short-lived [FDCPA] case." *Id.* (quoting *Carroll v. Wolpoff & Abramson,* 53 F.3d 626, 628–629 (4th Cir. 1995)).  In another case, the prevailing party won because of "at most a technical violation," so the court properly reduced the fee

---

[3] In its Response, Defendant argues that Plaintiffs are "not entitled to attorneys' fees under the NDTPA." (*See* Def.'s Resp. 17:9–18:26).  Where a party has "limited" success, the attorney's fees "must be reduced to reflect the limited degree of his success. The district court must determine the extent to which the plaintiff prevailed and adjust the requested fee accordingly." *LeMaire v. Maass*, 12 F.3d 1444, 1461 (9th Cir. 1993); *see Morales v. City of San Rafael*, 96 F.3d 359, 364 (9th Cir. 1996).  However, where a party's claims for relief "involve a common core of facts[,] . . . [m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Hensley*, 461 U.S. at 435.  Here, the FDCPA and NDTPA causes of action are clearly interrelated.  Under its NDTPA claim, Plaintiffs' Complaint quotes the NDPTA: "A violation of any provision of the federal Fair Debt Collection Practices Act . . . shall be deemed to be a violation of this chapter." Nev. Rev. Stat. § 649.370; (Compl. ¶ 38, ECF No. 1).  Moreover, the parties previously stipulated that "plaintiffs are entitled to reasonable attorney's fees and costs as the prevailing party on the fee-shifting claims alleged ('FDCPA claim' and the 'NDTPA claim')." (Stip. ¶ 1, ECF No. 77).  As such, the Court finds that Plaintiffs are entitled to reasonable attorney's fees on this case as a whole.

[4] Plaintiffs' original motion requested $99,180.00 in attorney's fees, based on "220.4 hours of attorney time at $450.00 per hour." (Pls.' Mot. Att'y Fees 10:16–19, ECF No. 85).  In Plaintiffs' Reply, Plaintiffs' counsel added 7.2 hours to draft the Reply and subtracted 1.8 hours as a "voluntary deduction from the time originally requested for *Draft of Ps' opposition to D's motion to amend answer*." (Pls.' Reply 10:20–22)

award. *Id.* (citing *Schlacher v. Law Offices of Phillip J. Rotche & Assoc., P.C.,* 574 F.3d 852 (7th Cir. 2009)).  These situations are inapplicable here.  While Defendant insists that this case was a "simple, non-defended matter" (Def.'s Resp. 3:9), the Court finds that the record belies such an assertion.  This case has proceeded for almost three years with several pretrial motions and almost advanced to a jury trial. (*See supra* Part I).  Accordingly, the Court will use the lodestar method, but the Court will consider below the possibility for downward adjustments based on "specific reasons for reducing the fee request." *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008).

As another preliminary point, Defendant submits that the settlement amount of $15,750 automatically makes Plaintiffs' requested attorney's fees of about $100,000 unreasonably high. (Def.'s Resp. 1:23–25).  However, attorney's fees need not be proportional to monetary damages obtained. *City of Riverside*, 477 U.S. at 576; *see also Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1033 (9th Cir. 2012) ("[I]n consumer protection cases: where the monetary recovery is generally small, requiring direct proportionality for attorney's fees would discourage vigorous enforcement of the consumer protection statutes."); *Quesada v. Thomason*, 850 F.2d 537, 540 (9th Cir. 1988) ("[I]t is inappropriate for a district court to reduce a fee award below the lodestar simply because the damages obtained are small.").[5]

### A. Hours Reasonably Expended

A fee applicant must provide a reasonable itemization and description of the work performed. *See* D. Nev. LR 54-14.  The district court should exclude from this initial fee calculation any hours that were not reasonably expended. *Hensley*, 461 U.S. at 433–34 (citation

---

[5] Defendant further argues that Plaintiffs' counsel had a "personal vendetta" against Defendant because of a separate case involving Plaintiffs' counsel's wife, which allegedly "explains" Plaintiffs' counsel's "litigation tactics, including filing unnecessary documents." (Def.'s Resp. 6:2–16).  Defendant does not provide any support for this allegation, nor does Defendant point to any particular unnecessary filing.  The Court has not found any such unnecessary filing or other support for this allegation in the record.  As such, the Court admonishes Defendant to refrain from asserting unfounded personal attacks on opposing counsel.

omitted).  In other words, the court has discretion to "trim fat" from, or otherwise reduce, the number of hours claimed to have been spent on the case. *Edwards v. Nat'l Bus. Factors, Inc.*, 897 F. Supp. 458, 460 (D. Nev. 1995) (citation omitted); *see also Gates*, 987 F.2d at 1399.

Here, Plaintiffs' counsel provides a sufficient declaration and time itemization for the basis of his fees that complies with LR 54-14. (*See* Friedberg Decl., Ex. 1 to Pls.' Mot. Att'y Fees, ECF No. 87).  However, Defendant argues that "[s]ome [of] plaintiff's time entries are inflated, duplicative and unreasonable." (Def.'s Resp. 1:22–23).  The party opposing the fee award must present "specific reasons for reducing the fee request that the district court finds persuasive"; otherwise, the court "should normally grant the award in full, or with no more than a haircut." *Moreno*, 534 F.3d at 1116.

Defendant presents three instances where it considers Plaintiffs' fees to be "inflated, duplicative and unreasonable." (Def.'s Resp. 7:18–9:4).  First, Defendant objects to Plaintiffs' counsel requiring five hours to draft the Complaint. (*Id.* 7:23–8:12).  Defendant cites *Perrigo v. Premium Asset Services, LLC* to support limiting the time for drafting a complaint to one hour. *See* 2015 WL 4597569, at *10 (D. Nev. July 28, 2015).  However, the *Perrigo* court specifically noted that "counsel did not submit the requisite itemization or any other evidence to support the [claimed] hours." *Id.*  Here, Plaintiffs' counsel provided an itemized list that includes three separate and specific time entries. (Def.'s Resp. 7:23–28); (Roadhouse Time Sheet at 12, Ex. A to Friedberg Decl., ECF No. 87).  Nevertheless, the Court finds that as an experienced consumer rights practitioner, Plaintiffs' counsel should have expended no more than three hours to draft the Complaint filed.  Accordingly, the Court deducts 2.0 hours from the total requested time.

Second, Defendant objects to Plaintiffs' counsel's time entry of 3.8 hours for to draft a five-page opposition to Defendant's Motion to Amend Answer. (Def.'s Resp. 8:13–19).  In his Reply, Plaintiffs' counsel voluntarily reduces his fee for this entry to 2.0 hours. (Pls.' Reply

9:20–22).  The Court finds this time entry to be reasonable at the reduced rate of 2.0 hours. (*See supra* Note 4) (explaining that this 1.8-hour reduction is already included in the base number of 225.8 hours).

Third, Defendant objects to Plaintiffs' counsel's time entry of 1.8 hours to draft a proposed stipulated scheduling order. (Def.'s Resp. 8:19–26).  The Court agrees and finds that 0.5 hours is sufficient to prepare a stipulated scheduling order.  Accordingly, the Court deducts 1.3 hours from the total requested time.

Lastly, Defendant argues that "a reasonable settlement of $10,000 was made early in the litigation when counsel for plaintiff only expended a total of 60.60 hours in the case . . . [so] any work performed thereafter was unnecessary, unreasonable and possibly vindictive." (Def.'s Resp. 9:1–4).  Ostensibly, Defendant is referring to September 24, 2014, as their "cut-off" date. (*See id.* 4:9).  However, the parties clearly dispute that this offer was reasonable to cover damages, fees, and costs. (*See* Pls.' Reply 5:18–22).  Therefore, the Court does not find Defendant's argument persuasive.  Further, the Court has reviewed the 31-page Roadhouse Time Sheet and finds the remaining entries to be reasonable.

As such, based on Defendant's particular objections, the Court finds that 3.3 hours constitute time that was not reasonably expended in this litigation, and the Court will deduct these 3.3 hours from the requested 225.8 hours.  Accordingly, the Court finds that 222.5 hours were reasonably expended in this litigation.

**B. Reasonable Hourly Rate**

A district court must ensure that the attorney's rate is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Chaudhry v. City of L.A.*, 751 F.3d 1096, 1110 (9th Cir. 2014); *see also Blum v. Stenson*, 465 U.S. 886, 895 (1984).  In FDCPA actions, the "community" that a district court

must consider in determining the prevailing market rate is the district in which the court sits. *See Camacho*, 523 F.3d at 979.

A rate of $400 per hour has been described as "at the top of the market," but has been found reasonable in complex matters. *Marrocco v. Hill*, 291 F.R.D. 586, 589 (D. Nev. 2013) (finding reasonable hourly rate in community of Nevada to be $375–$400 for partner with over thirty-five years of experience); *see also Agarwal v. Oregon Mut. Ins. Co.*, 2013 WL 5882710 (D. Nev. Oct. 30, 2013) (finding $300 per partner hour and $260 per associate hour reasonable); *Stephens Media LLC v. Citihealth, LLC*, 2013 WL 4045926 (D. Nev. Aug.7, 2013) (finding rates between $185 and $400 to be reasonable); *In re USA Commercial Mortg. Co.*, 2013 WL 3944184 (D. Nev. July 30, 2013) (finding rates between $170 and $420 to be reasonable); *Aevoe Corp. v. Shenzhen Membrane Precise Electron, Ltd.*, 2012 WL 2244262 (D. Nev. June 15, 2012) (finding $400 reasonable for a partner in a firm that concentrates on complex intellectual property litigation); *but see Plaza Bank v. Alan Green Family Trust*, 2013 WL 1759580 (D. Nev. April 24, 2013) (finding $425 to $475 for partner time reasonable).

"Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *Beauchamp v. Anaheim Union High Sch. Dist.*, 816 F.3d 1216, 1224 (9th Cir. 2016) (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)).  However, declarations of the fee applicant do not conclusively establish the prevailing market rate. *Camacho*, 523 F.3d at 980.  Ideally, a court should consider counsels' affidavits including information about fee rates of other attorneys in similar practices, awards in comparable cases, counsel's experience and reputation level, and market rates. *See Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005).

Here, Plaintiffs' counsel provides his Declaration, along with declarations of three other attorneys who practice in the District of Nevada to demonstrate that $450 per hour is reasonable given his background and experience, the practice area, his previous fee awards, and the community market rate. (*See* Exs. 1–4 to Pls.' Mot. Att'y Fees, ECF No. 87).  However, Defendant contends that "Plaintiffs' counsel's rate should be set at $250.00 per hour." (Def.'s Resp. 16:14–16).  Defendant argues that the two District of Nevada cases that Plaintiffs' counsel cites in his Declaration supporting $450 per hour are both "class action lawsuit[s], not a single plaintiff case." (*Id.* 15:9).

The Court finds that Plaintiffs' counsel should be considered at the partner rate given his lengthy legal experience, but the prevailing rate in the community for a partner is $375–$400 per hour, depending on the complexity of the matter. *See Marrocco v. Hill*, 291 F.R.D. at 589. The Court agrees with Defendant that this case is less complex than a class action lawsuit.  By further comparison, this case is also less complex than the intellectual property case, *Aevoe Corp. v. Shenzhen Membrane Precise Electron, Ltd.*, in which the partner received $400 per hour for his specialization. 2012 WL 2244262, at *9.  As such, because this case is not as complex as either a class action lawsuit or a complex intellectual property case, the Court finds that the reasonable rate for Plaintiffs' counsel is $375 per hour, which is consistent with the community market rate.

### C.  Fees To Be Awarded

The lodestar calculation requires the court to multiply the number of hours reasonably expended by the reasonable hourly rate. *See Ferland*, 244 F.3d at 1149 n.4.  Accordingly, the lodestar here is 222.5 hours times $375, which equals $83,437.50.

The lodestar figure is presumptively a reasonable fee award, and the Court finds no circumstances here that warrant adjustment for any other factors not subsumed within the

lodestar. *See id.* Accordingly, the Court finds that Plaintiffs should be awarded $83,437.50 in attorney's fees.

**IV.    CONCLUSION**

   **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Attorney's Fees (ECF No. 85) is **GRANTED in part** and **DENIED in part**, as to attorney's fees only.

   **IT IS FURTHER ORDERED** that Plaintiffs Trina and Scott Roadhouse are awarded $83,437.50 in attorney's fees against Defendant Patenaude & Felix, A.P.C.

   The Clerk of Court shall enter judgment accordingly and close the case.

   **DATED** this __30__ day of September, 2016.

\
\
_____
Gloria M. Navarro, Chief Judge
United States District Court